Steve **BINGHAM**, Appellant,

v.

**NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION CABINET, COMMONWEALTH OF KENTUCKY, Appellee.**

No. 87–CA–2384–S.

Court of Appeals of Kentucky.

Sept. 30, 1988.

Case Ordered Published by Court of Appeals Nov. 4, 1988.

Discretionary Review Denied by Supreme Court Jan. 11, 1989.

William R. Penick, Hazard, for appellant.

William O. Field, Natural Resources Cabinet, Office of Gen. Counsel, Frankfort, for appellee.

Before HOWERTON, C.J., and COMBS and McDONALD, JJ.

McDONALD, Judge:

Steve Bingham appeals from the summary judgment for the Natural Resources and Environmental Protection Cabinet (the Cabinet) adjudging Bingham liable for a $1,400 civil penalty assessed for his violation of surface mining laws, plus a $5,000 penalty for Bingham's failure to comply with the Cabinet's order imposing the initial penalty. In his appeal, Bingham argues that he was not served with notice of the Cabinet's preliminary hearing, and that any penalty assessed as a result of that hearing is void.

The Cabinet proceeded pursuant to 405 Kentucky Administrative Regulation (KAR) 7:090, Section 6(3), which provides in pertinent part:

> Service. Any proposed penalty assessment, notice of preliminary hearing, notice of formal hearing or other document required to be served in accordance with this section shall be served by one (1) of the following methods:
>
> . . . .
>
> (3) As an alternative to other methods of service specified by statute or regulation, service of process may be made upon a person issued a permit by the cabinet ... by placing in the United States mail as certified mail, return receipt requested, a copy of the document directed to ... the permittee as specified on the face of the permit at the permanent address specified in the permit application or by the permittee. *Service is effective upon acceptance of the document by any person at the permanent address, upon refusal to accept the document by any person at the permanent address, or upon failure to claim the document prior to its return to the cabinet by the*

*United States Postal Service.* The return receipt shall be proof of the acceptance, refusal, or failure to claim the document. [Emphasis added.]

There appears to be no dispute between the parties that the Cabinet mailed Bingham a notice of the preliminary hearing to be held by one of its hearing officers. The hearing officer found that a notice of noncompliance was mailed by certified mail, return receipt requested, to Bingham at the permit address and was returned as evidenced by the return receipt.[1]

Bingham did not appear to contest the proposed assessment for noncompliance, and the penalty of $1400 was recommended. Bingham did not take an administrative appeal from the proposed assessment and the Cabinet issued a final order requiring payment of the penalty. When Bingham failed to pay the assessed penalty, the Cabinet commenced a collection action in Franklin Circuit Court. A summons and complaint were personally served on Bingham at the address to which the Cabinet's previous notices were sent.

Bingham argues that he was denied due process of law because the Cabinet proceeded initially under the alternative service provision of 405 KAR 7:090. Bingham argues that the alternative of constructive service provided by the regulation is only to be used when other service methods, including personal service by a sheriff, have failed. We disagree.

■ Although the Cabinet never attempted personal service of the hearing notice, the Cabinet is not required to exhaust other service methods before it may use constructive service. Due process of law is afforded in state administrative proceedings by constructive service of notice or process on parties residing within the state. 2 Am.Jur.2d *Administrative Laws* § 261 (1962). 405 KAR 7:090 does not require the Cabinet to use the other methods

of service provided for before it resorts to the alternative method. Rather, the statute merely provides that notice will be served by *one* of the described methods; the regulation does not stipulate that the methods be pursued in any particular order.

■ In *Mullane v. Central Hanover Bank and Trust Company,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the Supreme Court enunciated the standard for constitutionally adequate service of process:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

339 U.S. at 314, 70 S.Ct. at 657. The fact that Bingham was personally served with a summons and complaint in this action at the same address to which the Cabinet sent its hearing notices suggests to a reasonable probability that Bingham had notice that the Cabinet had some kind of business to do with him. Under the circumstances, service of notice of the preliminary hearing by certified mail was reasonably calculated to provide Bingham with notice as required by due process.

The judgment of the Franklin Circuit Court is affirmed.

Further, pursuant to CR 76.15(3)(A), the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, is reinstated effective the date of this opinion.

All concur.

---

1. There is no indication of whether the letter was actually refused by Bingham or simply never claimed. In addition, because there is no copy of the returned receipt anywhere in the record, we must rely on the preliminary findings of the Cabinet's hearing officer in this regard, as we assume the trial judge must have done. While we do not doubt that a letter was sent by certified mail, and Bingham does not dispute that fact, since the regulation provides that the receipt is proof of acceptance, refusal, or failure to claim, we recommend that the Cabinet include its receipt as part of the record in the future.